<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM POLICASTRO,<br><br>      Plaintiff,<br><br>v.<br><br>NEW JERSEY TRANSIT RAIL OPERATIONS, INC.,<br><br>      Defendant. | Civil Action No. 23-20924 (SDW) (JBC)<br><br>**WHEREAS OPINION**<br><br>May 21, 2024 |

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court upon Defendant New Jersey Transit Rail Operation Inc.'s ("Defendant" or "NJ Transit") filing of a motion for judgment on the pleadings (D.E. 7 ("Motion")) seeking to dismiss Plaintiff William Policastro's ("Plaintiff") complaint (D.E. 1 ("Complaint")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), and this Court having reviewed the parties' submissions and the Complaint for sufficiency pursuant to Rule 8; and

      **WHEREAS** Plaintiff was employed by NJ Transit as a building and bridge mechanic. (D.E. 1 ¶ 8.) He alleges that, on or about October 26, 2020, he was acting in that capacity when he suffered injuries—a hernia and an aggravation of his esophagus and GERD—while "dragging large, heavy timbers through the mud" at NJ Transit's Roselle Park Station. (*Id.* ¶¶ 8–11.) As a result of those injuries, Plaintiff has experienced pain, loss of sleep, irritability, mood swings, stress, and anxiety. (*Id.* ¶ 10.) He asserts that he now requires treatment for pain management and may need to undergo surgery in the future. (*Id.* ¶ 11.) Plaintiff accordingly brings a claim under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.*, and Defendant moves in

the instant Motion for judgment on the pleadings to dismiss the Complaint for pleading deficiencies. (D.E. 1, 7); and

**WHEREAS** the Complaint fails to comply with Rule 8's basic pleading requirements, and therefore, it will be dismissed; and

**WHEREAS** Rule 8(a)(2) demands that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"); and

**WHEREAS** "[a] motion for judgment on the pleadings under Rule 12(c) is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Vitamin Energy, LLC v. Evanston Ins. Co.*, 22 F.4th 386, 392 n.6 (3d Cir. 2022) (quoting *Wolfington v. Reconstructive Orthopaedic Assocs. II, PC*, 935 F.3d 187, 195 (3d Cir. 2019)). Under the familiar standards of Rule 12(b)(6), a district court must conduct a three-step analysis. First, it must "tak[e] note of the elements a plaintiff must plead to state a claim." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). Second, the court "disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id.* (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). Third, the court assumes the veracity of all well-pleaded factual allegations, "constru[es] them in the light most favorable to the plaintiff, and draw[s] all reasonable inferences in the plaintiff's favor." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d

Cir. 2022). "If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 556). If, however, the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); and

**WHEREAS** "[l]iability under the FELA is predicated on the negligence of the employer." *Ries v. Nat'l R.R. Passenger Corp.*, 960 F.2d 1156, 1158 (3d Cir. 1992). Thus, to plead a FELA claim, a plaintiff must allege facts sufficient to state a negligence claim under traditional principles of tort law. *Id.* at 1158–59. A plaintiff may do so by asserting the ordinary negligence elements of duty, breach, foreseeability, and damages or, alternatively, by alleging nonconclusory facts sufficient to suggest negligence per se. *Id.*; *Buchannon v. N.J. Transit Rail Operations, Inc.*, No. 21-7467, 2024 WL 863305, at *3 (D.N.J. Feb. 29, 2024). Here, the Complaint contains no facts that bear on Defendant's purported negligence; rather, it avers only a host of conclusory allegations—which this Court must disregard—along with a handful of well-pleaded facts solely related to Plaintiff's injuries. Plainly stated, the Complaint fails to adequately plead a claim under the FELA, and consequently, it will be dismissed; therefore,

Defendant's Motion is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

   /s/ Susan D. Wigenton   
**United States District Judge**

Orig: Clerk
cc: Parties
   James B. Clark III, U.S.M.J.

3